IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
SUBPOENA IN 304 CV 1545 (RNC)—D.Conn.

FILED

OCT 0 6 2005

FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY____ DEP CLK

| | | |
|---|---|---|
| BICC CABLES CORP. AND BALFOUR BEATTY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | OBJECTION AND MOTION TO QUASH **(Fed. R. Civ. P. 45)** |
| SCOTT & SCOTT, LLC, DAVID R. SCOTT, ROSS LAW FIRM, AND C. THOMAS ROSS | ) ) ) ) | 5:05-mc19 |
| Defendants. | ) | |

William D. Harazin ("Harazin") and K. Matthew Vaughn ("Vaughn"), pursuant to

Fed. R. Civ. P. 45(c), object to and move to quash subpoenas issued to them by Plaintiffs in this

action. In support thereof, Harazin and Vaughn respectfully show the Court:

       1.       Harazin is an attorney licensed to practice law in North Carolina. He

represented plaintiff, Arthur, Harris & Assoc., Inc., ("Arthur Harris") in a civil action filed in

Wake County Superior Court entitled *Arthur, Harris & Assoc., Inc. v. Brand-Rex Co.*, 96 CVS

013177 ("the State Action"). The State Action was ultimately resolved by the payment of a

substantial settlement to Arthur Harris.

       2.       Vaughn is an attorney licensed to practice law in North Carolina. He

represented Louis L. Arthur, Jr. and James Harris in a civil action filed in the United States

District Court for the Middle District of North Carolina entitled *BICC Brand-Rex Co. v. Arthur,*

*Jr., et al.*, 98-CV-00414 (M.D.N.C.) ("the Middle District Action"). In addition, Vaughn

assisted Harazin in representing Arthur Harris in the State Action.

3.    The present action was filed by BICC Cables Corp. and Balfour Beatty, Inc. ("Plaintiffs") in the United States District Court for the District of Connecticut seeking damages for alleged legal malpractice arising out of the legal representation provided to Brand-Rex Co. in the State Action. Defendants Scott & Scott, David R. Scott, Ross Law Firm and C. Thomas Ross ("Defendants") represented Brand-Rex Co. in the State Action.

4.    Vaughn and Harazin are not parties in the present action.

5.    On September 22, 2005 Harazin was served with a subpoena issued by this Court. A true copy of this subpoena is attached hereto as Attachment A.

6.    On September 23, 2005 Vaughn was served with a subpoena issued by this Court. A true copy of this subpoena is attached hereto as Attachment B.

7.    The subpoenas directed to Harazin and Vaughn demand production of the same or similar documents from Harazin and Vaughn respectively. Among other things, both subpoenas request:

a.    Both attorneys' case files in the State Action and the Middle District Action;

b.    Both attorneys' correspondence, memoranda, e-mail, telephone logs and handwritten notes from the State Action and the Middle District Action;

c.    All assessments of the merits of either the State Action or the Middle District Action made by Harazin and Vaughn;

d.    All discovery related communications in the State Action in the possession of both attorneys;

e.    All documents related to settlement analyses, recommendations, discussions, demands or offers in the possession of Harazin and Vaughn;

f.  All documents that Harazin and Vaughn possess related to the default judgment entered in the State Action;

g.  All documents that either attorney possesses related to sanctions ordered in the State Action; and

h.  All documents that either attorney possesses related to the two-month damages hearing in the State Action.

8.  Harazin and Vaughn reside and practice law in Wake County, North Carolina.

9.  The subpoenas directed to Harazin and Vaughn are objectionable and should be quashed because Plaintiffs are seeking disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection, in that, among other things:

a.  The subpoenas require Harazin and Vaughn to travel to a place more than 100 miles from the place where Harazin and Vaughn reside, are employed, or regularly transact business in person;

b.  The subpoenas subject Harazin and Vaughn to undue burden and expense, in that they would require Harazin and Vaughn to review several bankers boxes, containing thousands of pages of documents, to make privilege and work product calls on many of those documents without making any provision for compensation to these attorneys for the extraordinary amount of time and effort that will be required to prepare these documents for production. Additionally, many of the requested documents are available from either the Superior Court file or from the Defendants in this action.

WHEREFORE, Harazin and Vaughn respectfully pray the Court that:

1.      The objections of Harazin and Vaughn to the subpoenas attached hereto be sustained:

2.      The subpoenas attached hereto be quashed in their entirety;

3.      In the alternative, Plaintiffs' subpoenas be modified as follows:

        a.      Harazin and Vaughn not be required to produce the documents described in the subpoenas at any place outside Raleigh, North Carolina;

        b.      Harazin and Vaughn not be required to produce privileged attorney-client communications;

        c.      Harazin and Vaughn not be required to produce any documents constituting or containing any attorney work product;

        d.      Plaintiffs be required to compensate Harazin and Vaughn for their time and that of their staff in producing the documents sought in the subpoenas; and

        e.      Plaintiffs be required to compensate Harazin and Vaughn and their law firms for all expenses incurred by their firms in producing the documents sought in the subpoenas.

4.      The Court award reasonable costs and expenses incurred in obtaining this Order, including attorney's fees; and

5.      Harazin and Vaughn have such other and further relief as the Court shall deem just and proper.

This the 6th day of October, 2005.

BAILEY & DIXON, L.L.P.

By: _Donald O'Toole_

   Gary S. Parsons
N.C. State Bar No. 7955
   Donald T. O'Toole
N.C. State Bar No. 29369
Attorneys for Attorney Harazin and Attorney
Vaughn
Post Office Box 1351
Raleigh, North Carolina 27602-1351
Telephone: (919) 828-0731
gparsons@bdixon.com
dotoole@bdixon.com

## VERIFICATION

William D. Harazin, first being duly sworn, deposes and says that he has read the foregoing Objection and Motion to Quash and that the facts stated therein are true of his personal knowledge, except such matters as are stated on information and belief, and as to those facts, he believes them to be true.

_____
William D. Harazin

Sworn to and subscribed before me,

this the _5th_ day of October, 2005.

_____
Notary Public

My commission expires: 8-16-10

## VERIFICATION

K. Matthew Vaughn, first being duly sworn, deposes and says that he has read the foregoing Objection and Motion to Quash and that the facts stated therein are true of his personal knowledge, except such matters as are stated on information and belief, and as to those facts, he believes them to be true.

K. Matthew Vaughn

Sworn to and subscribed before me,

this the _6th_ day of October, 2005.

Notary Public

CRISSIE CURTIS
NOTARY PUBLIC
WAKE COUNTY, N.C.
My Commission Expires 6-29-2009.

My commission expires:

## CERTIFICATE OF SERVICE

The undersigned attorney for Attorney Harazin and Attorney Vaughn hereby certifies that on this day the foregoing and attached Objection and Motion to Quash was served upon the attorneys of record for the parties in this action by depositing copies thereof in the United States mail, postage prepaid, and addressed as follows:

Gary D. Friedman
Matthew D. Ingber
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019
212-506-2500
E-mail: gfriedman@mayerbrown.com

David J. Elliott
David M. Bizer
Day, Berry & Howard
CityPlace
Hartford, CT 06103
Phone: 860-275-0100
Fax: 860-275-0343
E-mail: djelliott@dbh.com

Richard C. Robinson
Pullman & Comley
90 State House Square
Hartford, CT, 06103
Phone: 860-424-4300
Fax: 860-424-4370
E-mail: rrobinson@pullcom.com

This the 6th day of October, 2005.

_____
Donald T. O'Toole

ATTACHMENT A

## Issued by the
# UNITED STATES DISTRICT COURT

<u>EASTERN</u>        **DISTRICT OF**        <u>NORTH CAROLINA</u>

BICC CABLES CORP. and
BALFOUR BEATTY, INC.,

**V.**

SCOTT & SCOTT, LLC, DAVID R. SCOTT,
ROSS LAW FIRM, and C. THOMAS ROSS

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 304CV1545 (RNC) - D. CT.

TO: WILLIAM D. HARAZIN, ESQ.
434 FAYETTEVILLE ST MALL
RALEIGH, NC 27601

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULE A.

| PLACE | DATE AND TIME |
|---|---|
| MAYER, BROWN, ROWE & MAW LLP, 214 NORTH TRYON ST., SUITE 3800, CHARLOTTE, NC 28202 | 10:30 a.m., October 12, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiffs | September 22, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gary D. Friedman, Mayer, Brown, Rowe & Maw LLP
1675 Broadway, New York, New York 10019    (212) 506-2500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A

## DEFINITIONS

A.     Unless otherwise provided, the terms used herein shall be construed in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

B.     "You" or "Your" refers to William D. Harazin and any of his agents.

C.     "Plaintiffs" refers to BICC Cables Corp. and Balfour Beatty, Inc. and any of their affiliates, divisions (including BICC Brand Rex Company), agents, predecessors, successors, assigns, subsidiaries, parents, current and former employees or any person or entity who acted or purported to act on their behalf.

D.     "Arthur, Harris" refers to Arthur, Harris & Associates, Inc. or any of its principals, partners, employees or affiliates.

E.     "Communication" is used in its broadest sense and means any transmission or exchange of thoughts, ideas, data, messages, inquiries or information of any kind between or among any two or more persons, including without limitation, between or among employees or agents of a person other than a natural person, whether such transmissions or exchanges are oral or written and whether they are personally, electronically or otherwise generated, transcribed, transmitted or recorded.

F.     A document or communication "concerning" a subject matter is one constituting, comprising, identifying, referring to, relating to, dealing with, containing, embodying, reflecting, stating, commenting on, describing, responding to, analyzing or pertaining to the matter in any way.

G.      "Connecticut Action" refers to the Connecticut state court action entitled BICC Brand-Rex Co. v. Arthur Harris & Assocs., Inc., 97-CV-0054855S (Conn. Super Ct.), including all claims and counterclaims asserted, and appeals from any judgments or orders entered, therein.

H.      "Document" shall be interpreted in its broadest sense and means any printed, typewritten, handwritten, recorded, transcribed, or graphic matter whatsoever, including drafts, originals and copies which are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copy sent or received or otherwise), regardless of location, however produced or reproduced, and any other matter, including by way of illustration, but not limitation, all letters, correspondence, memoranda, notes, telegrams, summaries, transcripts, electronic mail, telephone logs, telephone records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, bank drafts, bank statements, telexes, private wire messages, communications, desk calendars, diaries, appointment books, agenda, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, work sheets, agreements or proposed agreements, notices of wire transfers for funds or other notices, canceled checks, periodicals, charts, graphs, interviews, transcripts, depositions, books of account, affidavits, communications with government bodies, invoices, notes and minutes of audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs, maps, listings, tax returns, vouchers, powers of attorney, paper similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and any other records or voice recordings, film, tapes, computer disks, magnetic media and other data compilations.

I. "North Carolina Federal Action" refers to the action filed in the United States District Court for the Middle District of North Carolina entitled BICC Brand-Rex Co. v. Arthur, Jr., et al., 98-CV-00414 (M.D.N.C.), including all claims and counterclaims asserted, and appeals from any judgments or orders entered, therein.

J. "North Carolina State Action" refers to the North Carolina state court action entitled Arthur, Harris & Assocs., Inc. v. Brand-Rex Co., 96-CVS-013177 (N.C. Super. Ct.), including all claims and counterclaims asserted, and appeals from any judgments or orders entered, therein.

K. "Person" means all entities of every description, and includes any natural person, partnership, corporation, proprietorship, unincorporated association, governmental agency, or other form of legal entity.

L. The terms "reflecting," "describing" or "relating to," in addition to their other customary and usual meaning, mean discussing, constituting, mentioning, pertaining to, assessing, recording, concerning, touching upon and/or summarizing.

M. "Ross Team" refers to each and every individual, including, without limitation, attorneys, paralegals and clerks, at the Ross Law Firm, who prepared, or assisted in the preparation of, the defense and prosecution of the Underlying Actions.

N. "Scott Team" refers to each and every individual, including, without limitation, attorneys, paralegals and clerks, at Scott & Scott LLC, who prepared, or assisted in the preparation of, the defense and prosecution of the Underlying Actions.

O. The "Underlying Actions" refer collectively to the Connecticut Action, the North Carolina Federal Action, and the North Carolina State Action.

## INSTRUCTIONS

A.     As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests all documents that might otherwise be construed to be outside its scope by another construction.

B.     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever is appropriate so as to bring within the scope of these requests any information or documents which might otherwise be considered to be beyond their scope.

C.     To the extent that no single document exists or is in your possession, custody or control which contains all of the information sought in any particular request herein, you are to provide such other documents in your possession, custody or control which are sufficient to show or compile all of the information requested in such request, or as much thereof as is available.

D.     Each paragraph and subparagraph herein shall be construed independently and not with reference to any other paragraph or subparagraph for purposes of limitation.

E.     Each request herein for documents to be produced requires production of the documents in their entirety without abbreviation, redaction or expurgation.

F.     If any document request cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

G.     Each document requested herein shall be produced as it is kept in the usual and regular course of business. To the extent any documents are stapled or organized in their existing files, such documents shall be produced in the same fashion.

H.     All phrases following the terms "including", "including without limitation", and

"including but not limited to" are intended to illustrate the kinds of documents responsive to each

request. Such examples are not intended to be exhaustive of the materials sought by the request

and shall not in any way be read to limit the scope of the request.

I.      In the event that any portion of any document is redacted, such document shall be

clearly and prominently stamped "Redacted" and such stamp shall appear on every portion of the

document where information has been redacted or otherwise removed.

J.      If you withhold any document covered by these requests, identify each such

document and state the following information with respect to each such document:

> (i)     the reason for the withholding;
>
> (ii)    the date of the document;
>
> (iii)   the names of its authors or preparers, and an identification by
>         employment and title of each such person;
>
> (iv)    the name of each person who was sent or furnished with, or who
>         received, viewed or has had custody of the document or a copy
>         thereof;
>
> (v)     a description of the nature and content of the document;
>
> (vi)    a statement of facts constituting the basis for the withholding;
>
> (vii)   the number of each paragraph of these requests to which the
>         document responds.

K.      If any document requested herein was formerly in your possession, custody or

control and has been lost, destroyed or otherwise disposed of, submit in lieu of each such

document a written statement which:

> (i)     describes in detail the nature of the document and its contents;
>
> (ii)    identifies the persons who prepared or authored the document, and, if
>         applicable, the persons to whom the document was sent;

(iii)    specifies the date on which the document was prepared or transmitted; and

(iv)    specifies the date on which the document was lost, destroyed or otherwise disposed of, the conditions of any reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

L.    Unless otherwise specified, documents to be produced pursuant to these requests shall include all documents created any time during or concerning the time period January 1, 1995 to the present (the "Period").

M.    These requests are continuing in nature. If, after responding to this request, you obtain or become aware of any further responsive documents, you are required to make a supplemental production of those documents.

## DOCUMENTS TO BE PRODUCED

1.    Your entire case files for the Underlying Actions.

2.    All documents reflecting or evidencing any communications between or among you, the Scott Team, the Ross Team, or K. Matthew Vaughn concerning the Underlying Actions, including, without limitation, all correspondence, memoranda, electronic mail, telephone logs, and handwritten notes.

3.    All documents reflecting or evidencing assessments made by you of the merits of the prosecution and/or defense of the North Carolina State Action.

4.    All documents reflecting or evidencing communications concerning discovery in the North Carolina State Action.

5.    All documents concerning any potential settlement of the North Carolina State Action, including, without limitation, (i) any analyses you undertook concerning settlement offers or demands; (ii) documents reflecting settlement discussions and/or recommendations; and

(iii) documents reflecting settlement offers or demands, including, without limitation, offers of judgment.

6. All documents evidencing or reflecting any communications between or among you, the Scott Team, the Ross Team, and/or K. Matthew Vaughn concerning the default judgment in the North Carolina State Action.

7. All documents concerning the sanctions hearing conducted on April 26, 1999 in the North Carolina State Action, including, without limitation, all documents reflecting communications between or among you, the Scott Team, the Ross Team, or K. Matthew Vaughn concerning the sanctions hearing.

8. All documents concerning the damages hearing conducted in May and June 2000 in the North Carolina State Action, including, without limitation, all documents reflecting communications between or among you, the Scott Team, the Ross Team, or K. Matthew Vaughn concerning the damages hearing.

9. To the extent not otherwise produced in response to the foregoing requests, all documents concerning the default judgment in the North Carolina State Action, including, without limitation, any file memoranda, handwritten notes, or correspondence concerning the default judgment.

ATTACHMENT B

Issued by the
# UNITED STATES DISTRICT COURT

EASTERN       DISTRICT OF    NORTH CAROLINA

BICC CABLES CORP. and
BALFOUR BEATTY, INC.,

## SUBPOENA IN A CIVIL CASE

**V.**

SCOTT & SCOTT, LLC, DAVID R. SCOTT,
ROSS LAW FIRM, and C. THOMAS ROSS

CASE NUMBER: [1]   304CV1545 (RNC) - D. CT.

TO:   K. MATTHEW VAUGHN, ESQ.
     EVERETT, GASKINS, HANCOCK & STEVENS, LLP
     127 W. HARGETT STREET, SUITE 600, P.O. Box 911
     RALEIGH, NC 27602-0911

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULE A.

| PLACE | DATE AND TIME |
|---|---|
| MAYER, BROWN, ROWE & MAW LLP, 214 NORTH TRYON ST., SUITE 3800, CHARLOTTE, NC 28202 | 10:30 a.m., October 12, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]    Attorneys for Plaintiffs | September 22, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gary D. Friedman, Mayer, Brown, Rowe & Maw LLP
1675 Broadway, New York, New York 10019    (212) 506-2500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse).

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A

## DEFINITIONS

A.   Unless otherwise provided, the terms used herein shall be construed in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

B.   "You" or "Your" refers to K. Matthew Vaughn and any of his agents.

C.   "Plaintiffs" refers to BICC Cables Corp. and Balfour Beatty, Inc. and any of their affiliates, divisions (including BICC Brand Rex Company), agents, predecessors, successors, assigns, subsidiaries, parents, current and former employees or any person or entity who acted or purported to act on their behalf.

D.   "Arthur, Harris" refers to Arthur, Harris & Associates, Inc. or any of its principals, partners, employees or affiliates.

E.   "Communication" is used in its broadest sense and means any transmission or exchange of thoughts, ideas, data, messages, inquiries or information of any kind between or among any two or more persons, including without limitation, between or among employees or agents of a person other than a natural person, whether such transmissions or exchanges are oral or written and whether they are personally, electronically or otherwise generated, transcribed, transmitted or recorded.

F.   A document or communication "concerning" a subject matter is one constituting, comprising, identifying, referring to, relating to, dealing with, containing, embodying, reflecting, stating, commenting on, describing, responding to, analyzing or pertaining to the matter in any way.

G.    "Connecticut Action" refers to the Connecticut state court action entitled BICC Brand-Rex Co. v. Arthur Harris & Assocs., Inc., 97-CV-0054855S (Conn. Super Ct.), including all claims and counterclaims asserted, and appeals from any judgments or orders entered therein.

H.    "Document" shall be interpreted in its broadest sense and means any printed, typewritten, handwritten, recorded, transcribed, or graphic matter whatsoever, including drafts, originals and copies which are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copy sent or received or otherwise), regardless of location, however produced or reproduced, and any other matter, including by way of illustration, but not limitation, all letters, correspondence, memoranda, notes, telegrams, summaries, transcripts, electronic mail, telephone logs, telephone records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, bank drafts, bank statements, telexes, private wire messages, communications, desk calendars, diaries, appointment books, agenda, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, work sheets, agreements or proposed agreements, notices of wire transfers for funds or other notices, canceled checks, periodicals, charts, graphs, interviews, transcripts, depositions, books of account, affidavits, communications with government bodies, invoices, notes and minutes of audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs, maps, listings, tax returns, vouchers, powers of attorney, paper similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and any other records or voice recordings, film, tapes, computer disks, magnetic media and other data compilations.

2

I. "North Carolina Federal Action" refers to the action filed in the United States District Court for the Middle District of North Carolina entitled BICC Brand-Rex Co. v. Arthur, Jr., et al., 98-CV-00414 (M.D.N.C.), including all claims and counterclaims asserted, and appeals from any judgments or orders entered, therein.

J. "North Carolina State Action" refers to the North Carolina state court action entitled Arthur, Harris & Assocs., Inc. v. Brand-Rex Co., 96-CVS-013177 (N.C. Super. Ct.), including all claims and counterclaims asserted, and appeals from any judgments or orders entered, therein.

K. "Person" means all entities of every description, and includes any natural person, partnership, corporation, proprietorship, unincorporated association, governmental agency, or other form of legal entity.

L. The terms "reflecting," "describing" or "relating to," in addition to their other customary and usual meaning, mean discussing, constituting, mentioning, pertaining to, assessing, recording, concerning, touching upon and/or summarizing.

M. "Ross Team" refers to each and every individual, including, without limitation, attorneys, paralegals and clerks, at the Ross Law Firm, who prepared, or assisted in the preparation of, the defense and prosecution of the Underlying Actions.

N. "Scott Team" refers to each and every individual, including, without limitation, attorneys, paralegals and clerks, at Scott & Scott LLC, who prepared, or assisted in the preparation of, the defense and prosecution of the Underlying Actions.

O. The "Underlying Actions" refer collectively to the Connecticut Action, the North Carolina Federal Action, and the North Carolina State Action.

3

## INSTRUCTIONS

A.     As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests all documents that might otherwise be construed to be outside its scope by another construction.

B.     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever is appropriate so as to bring within the scope of these requests any information or documents which might otherwise be considered to be beyond their scope.

C.     To the extent that no single document exists or is in your possession, custody or control which contains all of the information sought in any particular request herein, you are to provide such other documents in your possession, custody or control which are sufficient to show or compile all of the information requested in such request, or as much thereof as is available.

D.     Each paragraph and subparagraph herein shall be construed independently and not with reference to any other paragraph or subparagraph for purposes of limitation.

E.     Each request herein for documents to be produced requires production of the documents in their entirety without abbreviation, redaction or expurgation.

F.     If any document request cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

G.     Each document requested herein shall be produced as it is kept in the usual and regular course of business.  To the extent any documents are stapled or organized in their existing files, such documents shall be produced in the same fashion.

4

H. All phrases following the terms "including", "including without limitation", and "including but not limited to" are intended to illustrate the kinds of documents responsive to each request. Such examples are not intended to be exhaustive of the materials sought by the request and shall not in any way be read to limit the scope of the request.

I. In the event that any portion of any document is redacted, such document shall be clearly and prominently stamped "Redacted" and such stamp shall appear on every portion of the document where information has been redacted or otherwise removed.

J. If you withhold any document covered by these requests, identify each such document and state the following information with respect to each such document:

    (i) the reason for the withholding;

    (ii) the date of the document;

    (iii) the names of its authors or preparers, and an identification by employment and title of each such person;

    (iv) the name of each person who was sent or furnished with, or who received, viewed or has had custody of the document or a copy thereof;

    (v) a description of the nature and content of the document;

    (vi) a statement of facts constituting the basis for the withholding;

    (vii) the number of each paragraph of these requests to which the document responds.

K. If any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, submit in lieu of each such document a written statement which:

    (i) describes in detail the nature of the document and its contents;

    (ii) identifies the persons who prepared or authored the document, and, if applicable, the persons to whom the document was sent;

(iii) . specifies the date on which the document was prepared or transmitted; and

(iv) specifies the date on which the document was lost, destroyed or otherwise disposed of, the conditions of any reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

L. Unless otherwise specified, documents to be produced pursuant to these requests shall include all documents created any time during or concerning the time period January 1, 1995 to the present (the "Period").

M. These requests are continuing in nature. If, after responding to this request, you obtain or become aware of any further responsive documents, you are required to make a supplemental production of those documents.

## DOCUMENTS TO BE PRODUCED

1. Your entire case files for the Underlying Actions.

2. All documents reflecting or evidencing any communications between or among you, the Scott Team, the Ross Team, or William Harazin concerning the Underlying Actions, including, without limitation, all correspondence, memoranda, electronic mail, telephone logs, and handwritten notes.

3. All documents reflecting or evidencing assessments made by you of the merits of the prosecution and/or defense of the North Carolina State Action.

4. All documents reflecting or evidencing communications concerning discovery in the North Carolina State Action.

5. All documents concerning any potential settlement of the North Carolina State Action, including, without limitation, (i) any analyses you undertook concerning settlement offers or demands; (ii) documents reflecting settlement discussions and/or recommendations; and

6

(iii) documents reflecting settlement offers or demands, including, without limitation, offers of judgment.

6.    All documents evidencing or reflecting any communications between or among you, the Scott Team, the Ross Team, and/or William Harazin concerning the default judgment in the North Carolina State Action.

7.    All documents concerning the sanctions hearing conducted on April 26, 1999 in the North Carolina State Action, including, without limitation, all documents reflecting communications between or among you, the Scott Team, the Ross Team, or William Harazin concerning the sanctions hearing.

8.    All documents concerning the damages hearing conducted in May and June 2000 in the North Carolina State Action, including, without limitation, all documents reflecting communications between or among you, the Scott Team, the Ross Team, or William Harazin concerning the damages hearing.

9.    To the extent not otherwise produced in response to the foregoing requests, all documents concerning the default judgment in the North Carolina State Action, including, without limitation, any file memoranda, handwritten notes, or correspondence concerning the default judgment.